# Richmond

## GEORGE J. SAADY, TRADING AS STAR BOTTLING WORKS v. CITY OF RICHMOND.

## SUBLEY BEVERAGE COMPANY, INC. v. CITY OF RICHMOND.

January 19, 1942.

Record Nos. 2466, 2467.

Present, Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*C. V. Werne,* for the plaintiffs in error.

*Horace H. Edwards* and *Henry R. Miller, Jr.*, for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

The question presented by the record in each case is the validity of certain ordinances whereby the city of Richmond imposed certain license taxes upon the defendants.

The city, in effect, contends that, due to the failure of each defendant to incorporate in a bill of exceptions the evidence introduced in the trial court, this court cannot pass upon the merits of the controversy.

Each record presented consists of the notice of motion filed by the city, the affidavit of substantial defense filed by the defendant, the grounds of defense, and the judgment of the trial court. Copies of certain city ordinances, the record in another case tried and decided by the same court, and the testimony of several witnesses are printed with the records. There is some controversy as to when, how and by whom these papers were lodged with the clerk of this court, but there is no controversy as to the fact that none of them were included in a bill or certificate of exceptions duly authenticated by the trial judge. Hence, they cannot be considered by this court.

It may be inferred from the pleadings—if not inferred, it is conceded—that each defendant is engaged in the bottling business. Section 199 of the Tax Code provides that persons, firms or corporations engaged in such business shall be deemed manufacturers and not merchants. Section 188 of the same code provides that a manufacturer, taxable on capital by the State, may sell to wholesalers and retailers without payment of a license tax of any kind to the State, or to any city, town or county for such privilege. This immunity from payment of a license tax does not apply in the event the manufacturer sells to consumers.

The validity of the license taxes in question depends upon the language used in the pertinent city ordinances and the

character of the business conducted by the taxpayers. Neither can be ascertained from the true record.

It follows, therefore, that the writ of error in each case was improvidently awarded, and will be dismissed.

*Writs dismissed.*